IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3255-BO

| | | |
|---|---|---|
| JOHNNIE LAMONT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ED MCMAHON, WILMINGTON POLICE DEPARTMENT, STAFFORD BRISTER, and CHIEF RALPH EVANGELOUS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The matter comes before the court on defendants' motion for judgment on the pleadings (DE 16), and motion to dismiss (DE 17) pursuant to Federal Rules of Civil Procedure 12(b)(6) and (c). Also before the court is plaintiff's motion for partial voluntary dismissal (DE 27). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants plaintiff's partial motion for voluntary dismissal and denies defendants' motions.

**STATEMENT OF THE CASE**

On September 29, 2016, plaintiff, a pretrial detainee,[1] filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff raised claims related to an alleged use of excessive force in violation of the Fourteenth Amendment to the United States Constitution against defendants the New Hanover County Sheriff's Department, New Hanover County Sheriff Ed

---

[1] Although plaintiff was a pretrial detainee at the time he filed his action, he subsequently was released from custody. (See (DE 4)).

McMahon ("McMahon"), Officer Stafford Brister ("Brister"), Wilmington Police Chief Ralph Evangelous ("Evangelous"), and the Wilmington Police Department.

Defendants subsequently filed both a motion to dismiss and for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and (c). In their motions, defendants argue that plaintiff executed a prior release agreement which relinquished all rights to pursue any further legal remedy with respect to the instant action, that the Wilmington Police Department is not an entity capable of being sued, and that plaintiff has not alleged any misconduct on behalf of defendants McMahon or Evangelous. Plaintiff responded to defendants' motions. As part of his response to defendants' motions, plaintiff moves the court to dismiss this action against all parties except defendant McMahon, the New Hanover County Sheriff, and their agencies.

## STATEMENT OF FACTS

The facts as viewed in the light most favorable to plaintiff are as follows. On November 1, 2013, at approximately 1:30 a.m., plaintiff was detained while traveling in a car by both the Wilmington and the New Hanover County Police Departments. (Compl. ¶ V). At some point, plaintiff raised his hands in the air as a sign of surrender. (Id.) However, defendant Brister, a canine officer with the Wilmington Police Department, "lif[t]ed his canine and angrily forced the canine through [plaintiff's] driver side window." (Id.) Plaintiff states that defendant McMahon and five or six officers from the New Hanover County Sheriff's Department stood around and watched the attack without providing plaintiff assistance. ((DE 27), p. 2). As a result of the incident, plaintiff suffered a separated left shoulder. (Compl. ¶ V). Plaintiff also states that he suffered "extensive damage" to the left side of his face which required surgery. (Id.)

2

**DISCUSSION**

A.  Motion for Voluntary Dismissal

Plaintiff seeks to voluntarily dismiss, pursuant to Federal Rule of Civil Procedure 41(a), each of the named defendants except defendants McMahon and the New Hanover County Sheriff's Department. An action may be dismissed voluntarily by a plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiffs' request except upon an order of the court. See Fed. R. Civ. P. 41(a)(2). Defendants have answered plaintiff's complaint. Accordingly, they may only be voluntarily dismissed from this action pursuant to Rule 41(a)(2), which permits voluntary dismissal "on terms that the court considers proper." A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the respondent. S.A. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). To establish plain legal prejudice, a defendant must show some harm other than the mere prospect of a second lawsuit. See Ellett Bros., Inc. v. United States Fidelity & Guar. Co., 275 F.3d 384, 387-389 (4th Cir. 2001).

Finding no prejudice to defendants and for good cause shown, the court GRANTS plaintiff's motion to voluntarily dismiss. Accordingly, defendants Brister, Evangelous, and the Wilmington Police Department are DISMISSED from this action without prejudice. While the court's docket does not reflect that the New Hanover County Sheriff's Department is a party to this action, it appears from the complaint that plaintiff intended to include the Sheriff's Department as a defendant in this action. (See (DE 1), p. 1). Thus, the clerk of court is DIRECTED to add the New Hanover County Sheriff's Department as a party to this action.

3

B.  Dispositive Motions

   1.  Standards of Review

Pending before the court are a motion to dismiss pursuant to Rule 12(b)(6) and a motion for judgment on the pleadings pursuant to Rule 12(c). Beginning with the standard for a motion to dismiss, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

The court turns to the standard for a motion for judgment on the pleadings pursuant to Rule 12(c). Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed–but early enough not to delay trial. . . ." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus,

when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 570. A Rule 12(c) motion is designed to dispose of cases when the material facts are not in dispute; therefore, the court can decide the case on its merits by considering the pleadings along with any materials referenced in or attached to the pleadings, which are incorporated by reference. See Fed. R. Civ. P. 10(c).

2. Analysis

   a. Release Agreement

Defendant McMahon argues that plaintiff relinquished all rights to pursue a legal remedy against him in a previously executed settlement agreement between plaintiff, defendant Brister, and the City of Wilmington. As an initial matter, the release agreement at issue is outside of the scope of the pleadings because it was not attached to the complaint or referenced in the complaint. See Fed. R. Civ. P. 12(b)(6) and (c); E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc., 637 F.3d 435, 448-449 (4th Cir. 2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint."). Further, the sheriff in North Carolina is a separate legal entity from the State.

5

See Worrell v. Bedsole, No. 95-2816, 1997 WL 153830, *5-6 (4th Cir. 1997); see also, Evans v. Onslow County, N.C., No. 5:16-CT-3267-FL, 2017 WL 1900274, at *2 (E.D.N.C. May 8, 2017) (citation omitted)); N.C. Gen. Stat. § 162-1. Thus, the motion to dismiss is DENIED on this ground.

  b.  Failure to State a Claim

Defendant McMahon, alternatively, argues that plaintiff failed to allege facts sufficient to state a Fourteenth Amendment claim arising out of defendant McMahon's alleged failure to intervene to protect plaintiff from the canine attack. In order to state a claim based upon bystander liability, a plaintiff must allege that a defendant (1) knew that fellow officers were violating his constitutional rights by using excessive force, (2) had a reasonable opportunity to prevent such violations; and (3) chose not to act. See Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 419 (4th Cir. 2014) (citing Randall v. Prince George's County, Md., 302 F.3d 188, 203-204 (4th Cir. 2002)). Here, plaintiff alleges that defendant McMahon watched while defendant Brister allowed his canine to attack plaintiff. Plaintiff's allegations state a Fourteenth Amendment claim, and defendant McMahon's motion to dismiss is DENIED.

## CONCLUSION

Based upon the foregoing, the court ORDERS as follows:

  (1)  Plaintiff's partial motion to voluntarily dismiss defendants Brister, Evangelous, and the Wilmington Police Department (DE 27) is GRANTED, and these defendants are DISMISSED from this action without prejudice;

  (2)  The clerk of court is DIRECTED to add the New Hanover County Sheriff's Department as a defendant in this action;

6

(3) Defendants' motions for judgment on the pleadings and to dismiss (DE 16, 17) are DENIED;

(4) The matter is referred to United States Magistrate Judge Robert B. Jones, Jr. for the issuance of a scheduling order.

SO ORDERED, this the _12_ day of March, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge